**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4828**
_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ALAN L. BERRY, a/k/a Alan Lenneau Berry,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:09-cr-00068-RBH-1)

_____

Submitted:  May 26, 2011              Decided:  May 31, 2011

_____

Before KING, SHEDD, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James P. Rogers, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. William E. Day, II, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alan L. Berry was convicted by a jury of theft of Government property and numerous counts of mail fraud. The evidence at trial showed that Berry devised a scheme to falsely claim to be unable to work in order to collect disability benefits. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in denying Berry's Fed. R. Crim. P. 29 motion for judgment of acquittal. Although informed of his right to do so, Berry has not filed a pro se supplemental brief. Finding no error, we affirm.

Rule 29 of the Federal Rules of Criminal Procedure provides that a district court must enter a judgment of acquittal where the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). We review a district court's denial of a Rule 29 motion for judgment of acquittal de novo. United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). "In conducting such review, we must uphold a jury verdict if there is substantial evidence, viewed in the light most favorable to the Government, to support it." Id. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."

United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Berry "must carry an imposing burden to successfully challenge the sufficiency of the evidence." United States v. Martin, 523 F.3d 281, 288 (4th Cir. 2008).

Berry contends that the district court erred in denying his motion for judgment of acquittal. In district court, Berry asserted that, because the actual Hartford Insurance Company policy was not entered into evidence, judgment of acquittal should have been granted on the charges involving Hartford Insurance. However, several documents quoting the relevant policy definitions were submitted into evidence, and a witness testified that the language in the documents was directly from the policy. After a thorough review of the record, we conclude that there was sufficient evidence to support the jury's verdict.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Berry, in writing, of the right to petition the Supreme Court of the United States for further review. If Berry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

3

was served on Berry.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED